Good morning. May it please the Court, I am Caroline Pilch on behalf of the appellant, Beadcrete USA, which was referred to as BUSA in the briefs, and that's what I'll refer to it this morning, and the appellee was referred to as BPL, and I will similarly refer to BPL in my argument today, and I would like to reserve two minutes of my argument. The issue on this appeal is whether or not the District Court erred in dismissing in favor of arbitration on clearly erroneous facts. The District Court looked at the original complaint that was filed in this matter, which contained six different claims, and not the amended complaint, which only contained three different claims, all related only to trademark ownership and the intentional interference of the trademark ownership by BPL. The District Court, in its order, specifically referred to wrong counts that do not exist in the correct pleading, which the motion to dismiss was brought under. The BPL filed its motion to dismiss the first amended complaint, and that is what was argued before the District Court, but the District Court's opinion cited to the original complaint and all six counts in the various allegations. Counsel, before we delve too far into that, we have a pending motion to dismiss in this What's your response to that motion to dismiss? That, I completely disagree, and the reason for that is twofold, Your Honor. Number one, Boosa's surrender of its legally held federal trademark registration right has no effect on the underlying litigation whatsoever. First off, only a true legally registered owner can surrender a license, and the actual cancellation from the USPTO in this case noted that after a search of its records, Boosa was the lawful owner. Second, So why does that mean that it's not moot, though? Well, the second reason, Your Honor, is because as BPL knows, and I'm now going to quote from its answering brief, which is docket 10 at page 15, the law is that federal registration does not create a trademark. The trademark comes from use, and the right to it is in the nature of a property right based on common law. Registration does not create any property right in the trademark. It merely provides evidence of ownership, and the owner of a federal trademark registration who never stops using the mark in interstate commerce retains all common law rights in the mark. Even though somebody else has got the registration? In this case, no one else has the registration, and that goes back to the heart of this case because when Boosa I thought the registration had been transferred to BCI. The registration is on hold, and that's the proceeding that the U.S. PTO trial court But you're trying, but he's been trying to get it to BCI. He says, didn't you tell the PTO that you had transferred the rights to BCI? That is what Boosa's counsel in that proceeding did say. If you've transferred the rights to BCI, doesn't that create some kind of a presumption that the common law rights have gone with it? I mean, isn't there the possibility of B, I realize that we've got, that we have, if we pierce the veil here, that we're going to find that we have the same person standing behind the curtain. But technically, BCI could be controlled by somebody else, and BCI could end up suing Boosa for using a trademark that it's transferred to it. That's exactly right. And that's why our position is BCI is not a party to this case, cannot be a party to this case, because they only took from Boosa what Boosa had, every legal right to transfer. So that brings us right back to the case. Does that mean from Boosa that Boosa had a right to transfer? I'm not sure what you mean. Does BCI have whatever rights in the trademark that Boosa previously had? Well, that is what was transferred to BCI. Then in that case, Boosa doesn't retain any common law rights. They required not only the lawful registration with the PTO, but they acquired the common law rights. But that, again, Your Honor, that has not happened. And that's because the USPTO matter is on hold pending the outcome of this case. The bottom line is there is still now a dispute between Boosa and BPL as to who owns the trademark rights. Our position is that as a matter of law, either by the federal registration, which Boosa had every right to cancel, or by its common law usage in interstate commerce continuously since 2001 at a very minimum, which BPL recognizes, establishes in Boosa the common law rights. Now, if Boosa had every right to transfer those to BCI and BCI took those rights, then absolutely we would not be a party to this case. But the problem is BPL says to the USPTO, Boosa wrongfully canceled that trademark. They had no right to do that. And they say, we own the common law rights. And yet they come here and say the proper party is no longer Boosa. Boosa is the proper party. Why didn't you just transfer the, why didn't you just make an assignment of the cause of action to BCI and then just substitute parties? Well, and I guess sort of what the big question sort of looming behind that counsel, and maybe you don't want to answer this question for the court, is why did Boosa send this over to BCI anyway, since it's the same person who owns both companies? Boosa, and I believe that that is what Adam Stevenson, who is Boosa's counsel in that matter, stated to the USPTO, which is part of the record here, is that because BPL claims that it has some interest in the federally registered trademark, even though its name never appears on the record, and even though the only entity that ever had it was TXI, when TXI registered it, they avowed not only that they had the right to own it, but there were no other owners. So in that case, it's only TXI and Boosa. Boosa said, we have the legal rights to transfer it. And now, because there's a question, because BPL claims that it has an interest in it, the issue still lies right here with Boosa. Now, why did, okay, I didn't, I don't think it addressed my question at all. Why did Boosa transfer this to BCI? It didn't help anything. It's really muddied the waters for us. It's muddled everything. Is there a reason why? And if you don't want to answer the question because it's personal to the owners of the corporation, you can tell me that you don't want to answer the question. But I haven't heard an explanation yet. I don't have an explanation for you, Your Honor. I don't know the reasoning behind that. Okay. Now, if we were to send this, let's suppose, for purposes of my question, that we were to decide that the district court was correct on the merits of sending this to arbitration, notwithstanding any errors that the district court might have made, does the arbitrator get to decide these questions, or does that go back now to the PTO? So it looks like we sort of have dueling, we have dueling bodies here that are each stated pending the other's actions. It's a standoff. Well, I believe the answer to that question, Your Honor, would be that if you uphold the district court's decision, it will be the arbitrator's decision to make, because I don't believe that the USPTO can make any decision whether BCI owns anything at all until it's established whether BUSA legally transferred anything to it. If BUSA had nothing to legally transfer, then BCI has no standing to bring any kind of registration action before the USPTO. So the bottom line is, this has to be decided, whether it's decided by an arbitrator, or whether it gets decided by, as a matter of law, by you guys, because I think that you guys, as a matter of law, can determine that. I'm sorry, I'm sorry. I apologize, Your Honor. As soon as that came out, I knew that was the wrong thing to say, and I seriously apologize. I believe that this court can, as a matter of law, decide that BPL has no rights. You want this panel to decide that question? I believe that trademark court hasn't weighed in on this, and you want us to decide this? But I believe that you can do that, as a matter of law, under Rules 12B1 and 12B6. I believe that you can do that. Well, so the federal rules of civil procedure are applicable to district courts, not to courts of appeals. But, Your Honor, I believe that, in this case, this court has the right to make that decision. Is the record fully developed for a court to make that decision? I believe the record for the federal registration is completely developed before this court, Your Honor. So that there's no further facts, no depositions, nothing that would be of any use to a court in deciding who owns this trademark? Only the federal registration part of it, Your Honor, not the common law rights. That seems inconsistent with your position that the district court was correct in referring it to arbitration, isn't it? My position was never that it was correct for the district court to refer it to arbitration. My position was that the district court should not have dismissed it in favor of arbitration. Counsel, you noted that the district court analyzed the original complaint rather than the first amended complaint. Yes. If that's error at all, why isn't the error harmless? The error is not harmless because if you look at the original complaint and what the district court cited to, she cited to specifically counts five and six, which don't exist in the amended complaint. And the original complaint deals with declaratory judgment against BPL rather than affirmative judgment in favor of BUSA and to enforce its rights under the federal law and to have injunctive relief. All right. You've exceeded your time. We'll give you a minute for rebuttal. Thank you. May it please the court, Olivier Bebo for Beecree Party Limited. The first thing I want to do is clarify the situation and circumstances as it relates to the federal registration. So the federal registration is canceled. So BUSA or BUSA, as opposing counsel has referred to it, no longer owns a registration. None of the parties here today own a federal registration. And so what is before the PTO? I understand it's state, but what question is theoretically before the PTO? So the application of BCI is before the PTO. And so my client, Beecree Party, has opposed that application on the basis that it's fraudulent. And that's been stayed? And that has been stayed. So BUSA went to the USPTO and said, well, there are common questions before the USPTO, the TTAB, and this court. And so we should stay the action. Our response was, well, we don't necessarily agree with that because BUSA has forfeited its right by canceling the registration. And it didn't own any common law rights to transfer because all its common law rights emanated from the use of the registration, which was pursuant to a private license agreement. And so all its rights were junior to my client's. So what is it that you want this, in light of this development with BCI, what is it that you want this court to do? I want the court to dismiss the appeal. And so if we do that, does that, does that, does that moot the district court's order to arbitration? It does. And sends everything to the PTO? That's great. That's correct. For decision on the application for registration by BCI. Presumably, whatever the PTO decides in terms of who, of who owns this, would then basically moot any, any arbitration that could have been held anyway. With respect to ownership, correct. What else is left? When you say with respect to ownership, what else is left? Well, there is a debate between the parties, which was not raised in the complaint before the district court with respect to royalties. And so BUSA did not bring that up in their complaint. Their complaint was limited to a declaration with respect to ownership. So that issue is still out there, and it may be arbitrated in the future. But with respect to ownership, the USPTO, the TTAB is going to decide that. Well, in terms of your motion to dismiss the appeal, is that motion viable only if we determine there are no remaining common law rights in BUSA? No. Why not? Well, let me see if I understand Your Honor's question. Your question is that if you did, the dismissal is only viable if there was a transfer of common law rights. Is that correct? Well, my understanding of your motion to dismiss was on the basis that it's moot because BUSA gave away all of the rights it had in the trademark. But opposing counsel says that BUSA retains common law rights to the trademark. So my question to you was, if we agree with BUSA that common law rights have been retained, does your motion to dismiss fail? Well, I think the key question there, Your Honor, is... Say yes or no first, and then tell me. Well, I'll say no. And here's the issue. What's the basis for it saying that it still has common law rights? We still don't know. It has been intentionally vague on this point. Okay. But if we disagree with your interpretation of whether or not common law rights exist, if we disagree with you about that and come to the conclusion that there are common law rights remaining in BUSA, does your motion to dismiss fail? Yes, although I don't see how that can happen as a matter of law for a number of reasons. First because BUSA, or B-U-S-A, has admitted that it transferred its common law rights. It admitted that in its response to the order show cause. So its position was a newfound position that, well, when B Cree Party filed its opposition to the BCI application, what happened is the transfer was stayed. It's in stasis. So in other words, it admits that it transferred, or attempted to transfer, common law rights to BCI. But somehow, it doesn't explain how, that transfer was not effectuated. If the court doesn't agree that the appeal should be dismissed, then what's your position with respect to who decides the trademark ownership issue? Does it then get decided by the arbitrator, or do you believe it should be decided by the PTO? No, then it gets, with respect to BUSA, it would be decided by the arbitrator. And pursuant to the license agreement, which is very clear with respect to arbitration of all issues that are subsumed by that license agreement, which include trademark issues. And what happens to the PTO action? It continues to be stayed pending the arbitration? I don't believe it would be. I think we'd have a dispute over that. Now BCI hasn't, you know, we really haven't fleshed this out before the TTAB as of yet, with respect to what the basis is for BCI's rights, its claims of use. So that would be, have to be fleshed out before the TTAB. There's a potential that it could be stayed pending arbitration. Counsel, I'm looking at the response to Audit and Show Cause filed on behalf of BUSA. Could you point me in that document to where BUSA admitted that it had transferred its common law rights? Your Honor, I don't have the full papers in front of me, but I believe it's on the second page, and I cite it in my response. In Becrete Party's response, I cite the section where they say that the transfer they may use some qualifying language there, the purported transfer is stalled. Stalled is the operative word there. On page 2, it says BUSA is the common law owner of the trademark by usage. And then it goes on, I believe, and it says that the transfer is stalled. Now, one thing I'd like to point out with respect to that statement. Yeah, but that's not a clear repudiation of its rights, common law rights. Well, I think it's being intentionally ambiguous there, and I would point to the But you represented that in the response. It ceded common law ownership, and I don't think that's a fair characterization of the document. Well, it does say in there that the transfer is stalled. So the premise there is that there was a transfer that was made. But it doesn't say a transfer of the common law rights. Well, it's in the section where it discusses its common law rights by usage. And so I would also point the panel to the application that was made by BCI. So that for trademark registration, that application was signed by Mr. Altamirano, who is also the owner of BUSA. And in that application, he attested that BCI was the sole owner of the mark. And so I submit that BUSA is a stop to deny its common law ownership in view of that attestation. Counsel, if we get past the jurisdiction issue, what's your take on the district court's reliance on the original complaint as opposed to the First Amendment complaint to make its ruling? Our position, that's harmless error. How can that be harmless error if the complaints differed so markedly? Because the claims, the declaratory relief claims, request the same relief in both pleadings. And so how about the injunctive relief? The injunctive relief is based upon trademark rights in both pleadings. And so whether or not the court dismissed the fraud claim, the tortuous interference claim, is really irrelevant. It's just hard for me to know whether or not the district court would have, perhaps, viewed the case differently if it were looking at just declaratory relief and injunctive relief as opposed to money damages. Why didn't the parties bring this to the district judge's attention? I mean, both parties knew that the wrong complaint had been relied on. Wasn't it in both of your interests to bring it back to the court's attention to let the judge clarify? I think that's a fair question, Your Honor. In retrospect, I wish we would have done that. But why can't we do it now by remanding it back to the court to reconsider its ruling in light of the correct complaint? Well, my initial response to that is that the appeal and the district court action are moot. All right, but I ask you the question if we determine it's not moot. So if we determine it's not moot, then why can't we do what you wish you had done originally and send this back to the district court to consider under the correct complaint? I think that this panel can certainly do that, but I don't think it's appropriate given the order that was issued by the district court, which is very clear that the claims for declaratory relief require arbitration because of the expansive nature of the arbitration clause in the license agreement and the fact that the trademark rights arise from, stem from that very license agreement. If the court took that approach, would it then be appropriate to ask the district court to rule on the merits of the motion to dismiss in the first instance that you've raised in this court? I think it's this court, it's for this court to decide that issue, so we don't have to continue to incur expense on a moot issue. Based on the cancellation of the registration and the transfer of the common law rights, there's no relief that can be afforded the parties here. The district court cannot enter a declaration declaring and assuming that it decides that, or this panel were to decide that arbitration is not appropriate. The district court could not enter a declaration stating that BUSA is the owner of the registration, as opposed to BPL, it cannot enter a declaration stating that BUSA is the owner of common law rights vis-a-vis BPL. If this went to arbitration, is there some risk that the arbitrator would say, what am I doing handling this? This should be decided by the PTO. No, because again, the parties would be BUSA and BPL, not BCI. I don't understand that answer. Well, the only parties to the license agreement are BPL, my client, and BCUSA. BUSA. BCI is not a party to that agreement. And- BCI is the party before the trademark, the PTO. That's correct, and there hasn't been an assignment, to my knowledge, of rights under the license agreement. But the question is, could an arbitrator, just looking at the case, say, well, look, there's another proceeding in which the question of ownership of BUSA is going to be determined, and as an arbitrator, I would prefer to defer and wait until the PTO makes that decision. I don't want to be in a contrary, I don't want to issue a decision as an arbitrator that ends up contrary to a decision issued by the PTO. Now we have competing decisions. So one party decision maker would defer to the other. That's the question. Yes, and I understand, and my response focuses on who are the parties to the respective actions. The arbitrator would only have authority to decide questions as between BUSA and BPL. But the issue is the same. It's the issue, not the parties. The issue is the same before the arbitrator and the PTO. It's the same. Who owns these trademarks? Regardless of who the parties are, the issue is the same. And I think that's why we're asking you this. Well, again, if we were to go down to the arbitrator, our position with respect to ownership, we don't think that there's a viable issue there. If we referred this to arbitration, if we affirmed the district court and said, well, we're not sure what's going on here, but let's send this to the arbitrator, you would go to the arbitrator and ask the arbitrator not to rule on the question, wouldn't you? That's correct, because ownership is moot at this point. At that point, there is some risk that the arbitrator would decide not to arbitrate the matter pending decision by the PTO and would stay his hand or her hand pending PTO decision. And in fact, that's the position you would take before the arbitrator. That's correct. I mean, our position is moot. It would not go to arbitration on the issue of ownership at this point. It may go to arbitration on the issue of royalties, but not on ownership. Well, the arbitrator might disagree with you and say, well, that's just a backdoor way of asking me to decide the merits issue. The arbitrator might say, I don't know if that's what the effect of what's going on in the PTO is, but I will defer until the PTO decides the question. And that's very likely, and you would probably make that motion in the alternative, whether you want to say so now or not. It's likely that's what you would you would do before the arbitrator. Well, I think we have the very same discussion before the arbitrator that we're having here today with respect to the mootness of the issue with respect to ownership. Counsel, the common law rights, what's the basis for your assertion that there are no common law rights remaining in BUSA aside from your reference to the response to the order to show cause? What else are you relying on to negate the existence of the common law rights? Well, I'll run down them. So there is the representation that's made by BCI in its motion to stay, the TTAB action, where it affirmatively stated, and this is common counsel for BCI and BUSA, that there was a transfer of all common law rights. And in fact, is that in the record? That is in the record, Your Honor. Where is that in the record? That is before us. Yes, I believe it is attached to the response to the motion to dismiss. In your response, I believe in opposing counsel's opposing counsel's response to the motion to dismiss, I believe so. I can I can verify if I if you give me an opportunity to look at my binder. And it has. And you said that response has an attachment. The there is it's the it's the motion to stay. The TTAB. Yes, it is. And we can find it. OK, it's in the record. And there's an explanation there by Mr. Stevenson, who's common counsel before the USPTO for both BCI and BUSA, that all common law rights were transferred to BCI. And the reason for that is because that BUSA recognized that there was a problem with its registration rights vis-a-vis my client. We'll confirm. Thank you. Any final thoughts? You're way over your time. Well, my final thought is that the case is moot. It should be dismissed. Opposing counsel should have notified the panel long ago that the case was moot. I'll remind the panel that BUSA filed its request for cancellation before it filed the opening brief in this appeal. All right. Thank you. Rebuttal. Thank you, Your Honor. There's just two things I want to point out. In our response to the order to show cause, BUSA does not say that it has given up any common law rights. In fact, it says exactly to the contrary that it retains all common law rights. And I also... I'm sorry, where is that? This is in which? In your response? Yes, Your Honor.  OK. And I'm going to go back to the original question, which is, what is the reason for this? OK. What page? In fact, I'm reading from the middle of page two. It says, in its first minute complaint, BUSA brings two counts for declaratory relief, declaring common law and registered owner of disputed mark, and one for injunctive relief to prevent BPL from using and making false claims. Then it says, BUSA has never admitted that it forfeited its rights to the trademark, either as the common law or registered owner of the mark, contrary to what BPL put in their reply, and that BUSA is the common law owner of the trademark by usage and the real party in interest based on that fact alone. Did BCI ever represent, did either BUSA or BCI represent to anybody here or in Washington, D.C., that the common law rights have been transferred? I have not seen that, Your Honor, but I don't want to absolutely disagree with opposing counsel, but I have not seen it because I know the pleadings that we wrote and I know the responses that we wrote. So, counsel, opposing counsel specifically refers to an attachment to the response to the motion to dismiss. And in that attachment, he says that BUSA disclaims all common law rights as having been transferred to BCI. So, you don't recall any such document? I do not, and I'm looking very quickly at our response to the motion to dismiss. And again, I don't see anywhere where that has been admitted. Again, it's the same, basically the same quote. We say BPL alleges that BUSA's actions immediately mooted the appeal when it forfeited all alleged ownership interests in common law rights. But we stated that BPL makes it clear that everything is still in dispute even before the TAB proceeding. And as I glance through this, Your Honor, I do not see any admission or statement that the common law rights have now been transferred. So, I don't see it in here. All I see is where we quoted what the opposer filed in its notice of opposition. Let's just assume for a minute that counsel's correct that Attorney Stevenson, who he says was common counsel for BUSA and BCI, actually made that representation. What effect does that have on your position? I don't think it makes any effect because that was the second point I wanted to bring up very quickly in rebuttal. I do not think that the USPTO can make a full decision on all the merits of the ownership here because, as Mr. Babu said, the claim is for, their claim, BPL's claim against BCI is that there was a fraudulent transfer. Well, the only person who could have made a fraudulent transfer, the only entity would be BUSA. So, bottom line, the issue still comes back to did BUSA own the rights that it transferred to BCI and that's for this court or it's for reversal and arbitrator, I believe. That's not really the question, what the PTO's authority is. The question is, if an attorney representing your BUSA and BCI makes a representation before the body that determines ownership of trademark rights, the PTO, that trademark rights are fully disclaimed in this mark, then aren't you in some way bound by that? I believe that's the representation. We're bound by it, but I don't know that it's the representation and I also don't know the entire context it would have been made in because, again, I believe that BCI can only obtain whatever legal rights BUSA had and... But that could be both the registration rights and the common law rights. It could be, Your Honor, it could be. Do we have a copy of the actual, of the transfer from BUSA to BCI? That is not in this record, Your Honor. Would it be useful for us to see it? If you would like to see it, I'm sure that it can be provided. Do you know whether it makes any reference to common law rights? Your Honor, I honestly have not seen it. Has it been filed publicly in anything? I'm not sure of that. I would think that maybe in the USPTO, but I am not part of that proceeding and I do not know the answer to that. All right. Any final remarks, Counsel? No, Your Honor. I think I'll submit on the brief. Thank you. Thank you very much. Thank you, Counsel. Thank you to both Counsel for your helpful arguments. The case just argued is submitted for decision by the Court.  brief. That completes our calendar for the morning, and we are in recess until 9 a.m. tomorrow morning.
judges: Rawlinson, Bybee, Smith